IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LUIS GERMAN ESPINAL TORREZ,<br><br>    Petitioner,<br><br>v.<br><br>BRIAN MCSHANE, et al.<br><br>    Respondents. | CIVIL ACTION<br>NO. 26-49 |

### ORDER

**AND NOW**, this 9th day of February, 2026, upon consideration of Petitioner Luis German Espinal Torrez's Petition for Writ of Habeas Corpus (Doc. No. 1) and Respondents' Response in Opposition to Petitioner's Habeas Petition (Doc. No. 3), it is **ORDERED** that Petitioner's Petition for Writ of Habeas Corpus (Doc. No. 1) is **GRANTED**.[1]  It is **FURTHER ORDERED** as follows:

---

[1]  Petitioner Luis German Espinal Torrez ("Petitioner") is a citizen of Nicaragua who entered the United States in November of 2022.  (Doc. No. 1 at 11; Doc. No. 1-1 at 3.)  At some point after entering the United States at the southern border, he moved to Philadelphia to live with his aunt.  (Doc. No. 1 at 11–12.)  During a check-in with United States Immigration and Customs Enforcement ("ICE") in Philadelphia on January 5, 2026, Petitioner was detained by ICE agents.  (Id. at 11.)  Petitioner is currently detained at the Federal Detention Center ("FDC") in Philadelphia.  (Doc. No. 1-1 at 3.)  Petitioner claims—and Respondents do not object—that Respondents have not formally commenced removal proceedings against him.  (See Doc. No. 1 at 12; Doc. No. 3 at 4.)

On January 6, 2026, Petitioner filed a Petition for Writ of Habeas Corpus (Doc. No. 1), which is now before the Court.  In that Petition, he asks the Court to order his release, or—in the alternative—to be given a bond hearing before an Immigration Judge.  (Doc. No. 1 at 16.)  On February 3, 2026, Respondents filed a Brief in Opposition to Petitioner's Habeas Petition.  (Doc. No. 3.)  After Respondents filed their Opposition Brief, the Parties stipulated that the Petition "be decided on the papers at the Court's earliest convenience."  (Doc. No. 4 at 1.)  The Petition is now ripe for disposition.

In his Petition, Petitioner submits that Respondents are detaining him in violation of 8 U.S.C. § 1226(a), its corresponding regulations, and the Due Process Clause of the Fifth

1) By February 20, 2026, Respondents must provide Petitioner with a bond hearing under 8

    U.S.C. 1226(a), in which the parties will be allowed to present evidence and argument

---

Amendment. (Doc. No. 1 at 13–15.) Respondents first counter this submission with a series of jurisdictional defenses, claiming that district courts cannot hear cases like Petitioner's. (See Doc. No. 3 at 6–12) (arguing that 8 U.S.C. § 1252(g), 8 U.S.C. § 1252(b)(9), and 8 U.S.C. § 1252(a)(2)(B)(ii) divest district courts of jurisdiction to hear habeas petitions related to removal proceedings). Second, Respondents contend Petitioner's detention does not violate the Due Process Clause because 8 U.S.C. § 1225(b)(2) requires mandatory detention for applicants for admission to the United States. (See id. at 20–21.) However, since (1) Petitioner's Due Process claims are predicated on his statutory claims, and (2) his detention has only lasted for a relatively short duration, the Court will focus its analysis on the latter. See Kashranov v. Jamison, No. 25-cv-5555, 2025 WL 3188399, at *5 (highlighting that "if Section 1226 governs, then [petitioner] has due process rights…").

Finally, Respondents assert that their authority to detain Petitioner stems not from 8 U.S.C. § 1226(a), but instead from 8 U.S.C. §1225(b)(2). (Doc. No. 3 at 12–20.) That distinction matters because Section 1226(a) provides procedural protections for detainees—protections that Section 1225(b)(2) lacks. See 8 C.F.R. § 1236.1(d), (c)(8) (providing those detained under Section 1226(a) with individualized custody determinations, bond hearings, and rights of appeal); see also Jennings v. Rodriguez, 583 U.S. 281, 306 (2018) ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention."). If, instead, Respondents are correct that Section 1225(b)(2) applies to Petitioner, then Petitioner's continued detention is not only mandatory, but Petitioner's request for a bond hearing is baseless.

This Court previously addressed each of Respondents' three contentions in Nogueira-Mendes v. McShane, No. CV 25-5810, 2025 WL 3473364, at *1–3 (E.D. Pa. Dec. 3, 2025). Because the facts and legal issues raised in the present case and in Nogueira-Mendes are virtually the same, the Court will adopt the reasoning outlined in that prior case. Consequently, here, the Court holds as follows: (1) the Court has jurisdiction to hear Petitioner's case, (2) Petitioner was not required to exhaust his remedies before bringing his Petition, and (3) Section 1226(a) governs Petitioner's detention. Because Section 1226(a) provides for a bond hearing and Petitioner has not received one, Petitioner has demonstrated that his continued detention violates his rights under that provision.

Accordingly, Petitioner is entitled to the procedural protections afforded by Section 1226(a)—namely, a bond hearing before an Immigration Judge. As such, the Court will order Respondents to provide Petitioner with a bond hearing under Section 1226(a) by January 19, 2026. If Respondents do not hold a bond hearing by January 19, 2026, Petitioner must be released from detention while he awaits that hearing.

For the foregoing reasons, the Court will grant Petitioner Tangoudia's Petition for Writ of Habeas Corpus (Doc. No. 1).

regarding whether Petitioner is a danger to the community and presents a flight risk if not detained.

2) If Respondents fail to hold a bond hearing by February 20, 2026, they must release Petitioner from detention while he awaits the bond hearing.

3) By February 25, 2026, the parties shall provide the Court with a status update concerning the results of any bond hearing conducted pursuant to this Order, or if no bond hearing was held, advise the Court regarding Petitioner's release. Further, the parties shall advise the Court whether any additional proceedings in this matter are required and submit any proposals for the scope of further litigation.

BY THE COURT:

/s/ Joel H. Slomsky
_____
JOEL H. SLOMSKY, J.